ANDRÉ BIROTTE JR.
United States Attorney
ROBERT E. DUGDALE
Assistant United States Attorney
Chief, Criminal Division
JOSEPH B. WIDMAN (Cal. SBN 256189)
Assistant United States Attorney
Chief, Riverside Office
     3403 10th Street, Suite 200
     Riverside, California 92501
     Telephone: (951) 276-6945
     Facsimile: (951) 276-6202
     E-mail:    Joseph.Widman@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>　　　　　v.<br><br>THERON CHARLES BARRON,<br><br>　　　　　Defendant. | No. ED CR 13-73-JGB<br><br>GOVERNMENT'S POSITION REGARDING RESTITUTION; EXHIBITS FILED CONCURRENTLY UNDER SEAL<br><br>Hearing Date: March 24, 2014<br>Hearing Time: 2:00 p.m.<br>Location:　　Courtroom of the Hon. Jesus G. Bernal |

　　　Plaintiff United States of America, by and through its counsel of record, the United States Attorney for the Central District of California and Assistant United States Attorney Joseph B. Widman, hereby files its position regarding restitution, exhibits to which are concurrently being filed under seal.

///

///

///

This position is based upon the attached memorandum of points and authorities, exhibits filed under seal, the files and records in this case, and any other evidence or argument that the Court may wish to consider at the time of sentencing.

Dated: March 10, 2014                    Respectfully submitted,

ANDRÉ BIROTTE JR.
United States Attorney

ROBERT E. DUGDALE
Assistant United States Attorney
Chief, Criminal Division


/s/ *Joseph B. Widman*
JOSEPH B. WIDMAN
Assistant United States Attorney

Attorneys for Plaintiff
UNITED STATES OF AMERICA

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.    Introduction**

Attached as an exhibit under seal is the victim restitution request made by the victim in the Vicky series, which includes victim restitution request letter-brief; victim impact statements from the victim, her mother and her stepfather; the original and updated forensic psychological examinations; a vocational assessment; a forensic economic analysis of lost wages; a declaration regarding attorney's fees; the curriculum vitae of the experts involved; and copies of internet chats in which anonymous users of child pornography discussed the images of her abuse. (See Exhibit ("Ex.") A.)  The victim request argues first that the Ninth Circuit's decision in *United States v. Kennedy*, 643 F.3d 1251 (9th Cir. 2011), was in error and in conflict with other circuits, second, alternatively requests an order of $150,000 in restitution based on 18 U.S.C. § 2255, and third, argues for joint and several liability.

The government's position is that restitution in the amount of $2,613.83 should be awarded to the Vicky series victim because the victim meets the standard set forth in *Kennedy* and reaffirmed in *In re Amy and Vicky*, 710 F.3d 985 (9th Cir. 2013) (per curiam).  The government therefore does not believe that the Court need reach the alternative argument made by the victim regarding Section 2255 as another means of "reasonably calculating" the loss in this case; this position does not appear to be viable and will not be supported herein.

**II.   *United States v. Kennedy* and *In re Amy and Vicky***

The Ninth Circuit in *Kennedy* was asked to review a restitution award in a child pornography possession case to the victims in the

Amy series and the Vicky series.  The court held that in order to award restitution under 18 U.S.C. § 2259(b)(1), a district court must make three determinations: (1) that the individual seeking restitution is a "victim" of defendant's offense; (2) that defendant's offense was a proximate cause of the victim's losses; and (3) that the losses so caused can be calculated with "some reasonable certainty."  *Kennedy*, 643 F.3d at 1263.

With respect to the first question, the *Kennedy* court held that Vicky was in fact a victim of a child pornography possessor's offense. Id. at 1263.  The court then examined the second question, whether in Kennedy's case, the evidence was sufficient to demonstrate proximate cause.  The court concluded that the government had not met its burden because it had not introduced "any evidence establishing a causal chain between Kennedy's conduct and the specific losses incurred by Amy and Vicky."  *Id.*  The court noted that such evidence might have included establishing that "Kennedy's actions in transporting the images caused Amy's lost income and loss of enjoyment of life or Amy and Vicky's future counseling costs"; that "Amy and Vicky could have avoided certain losses had Kennedy not transported the images"; or even that Amy and Vicky were aware of Kennedy's conduct.[1]  The Ninth Circuit further noted that "rather than proving a causal relationship between Kennedy's actions and the victim's losses," the evidence proffered by the government in this

---

[1] For contrast, the Ninth Circuit court cited an Eleventh Circuit case, *United States v. McDaniel*, 631 F.3d 1204 (11th Cir. 2011), in which the government had sufficiently established proximate cause through evidence that (1) NCMEC had notified the victim Vicky that the defendant had possessed her image; (2) that Vicky suffered when she received such notices; and (3) that this suffering necessitated further therapy.  *Id.*

case "showed only that Kennedy participated in the audience of persons who viewed the images of Amy and Vicky." *Id.* at 1264. The court held that such evidence was not sufficient to show that they were a proximate cause of any particular losses. *Id.*

But the court did not foreclose the possibility that the government could, on remand, establish that Kennedy was a proximate cause of the victims' losses. Indeed, the court noted that it had previously upheld restitution awards "when the defendant's offense was merely one part of a larger problem that caused the victim's losses," so long as the evidence established that the defendant's conduct had directly contributed to the claimed losses. *Id.*

With respect to the third determination for restitution, the *Kennedy* court also concluded that the government had failed to offer a method for calculating the amount of the victims' losses that were proximately caused by Kennedy's conduct. *Id.* The Ninth Circuit did not "rul[e] out the possibility that the government could devise a formula by which a victim's aggregate losses could be reasonably divided (for example, by developing a reasonable estimate of the number of defendants that will be prosecuted for similar offenses over the victim's lifetime, and dividing the total loss by that amount)." *Id.* at 1266. Because the government had failed to establish that Kennedy had proximately caused the victims' losses, or that the restitution amount reflected the actual amount of the losses attributable to Kennedy to a "reasonable certainty," the Ninth Circuit remanded the restitution order for further proceedings. *Id.*

In a subsequent *per curiam* opinion involving restitution requests from the same victims as those at issue in the *Kennedy* opinion, *In re Amy and Vicky*, 710 F.3d 985 (9th Cir. 2013), the Ninth

1 Circuit reaffirmed the proximate cause requirement imposed on 18
2 U.S.C. § 2259(b)(3) in its prior *Kennedy* decision.  However, the
3 Ninth Circuit found that the district court had abused its discretion
4 in refusing to order any restitution, finding that petitioners
5 provided "sufficient evidence to establish a causal connection
6 between defendant's offense and petitioners' losses."  *Id.* at 987.
7 The Ninth Circuit remanded for further proceedings to determine an
8 amount of restitution.
9 **III. Showing of Proximate Cause in This Case**
10      The materials submitted in this case are sufficient to meet the
11 *Kennedy* standard for demonstrating proximate cause.  Vicky states
12 that her attorney keeps her advised of defendants who have possessed
13 or received her images, and the general process for this advisement
14 was followed in this case.  While she does not know every defendant
15 by name, every person who downloads and possesses her images presents
16 an additional hurt to her.  She says, "my knowledge that this
17 defendant was among those who have downloaded, looked at, and enjoyed
18 the pictures of me at my most vulnerable has caused me more and real
19 psychological and emotional hurt and harm."  That harm requires
20 additional therapy, because while she might have been able to stop
21 having therapy if the crime had ended and no pictures were
22 circulated, the fact that the pictures continue to circulate causes
23 her to have to lengthen the time that she is in therapy.  The therapy
24 endures because the crime endures.  As she says, "with each
25 [defendant] I have more to talk to my therapist about."  The expert
26 reports and other materials provided further substantiate this claim.
27 This evidence meets the standard for showing that defendant's offense
28 proximately caused losses to the victim.  *Kennedy* acknowledged that

4

such proof is possible, and outlined this method of proof.  *Kennedy*, 643 F.3d at 1263.  The Ninth Circuit in *In re Amy and Vicky* found such proximate cause.

It does not matter that Vicky was not aware specifically of defendant's identity; the fact that a bank does not know specifically who the bank robber is, or a identity theft victim does not know specifically who stole their identity, does not cause their restitution claim to fail.  What matters is that Vicky knew that one more person possessed her images, and this knowledge has inflicted upon her a special hurt that is more acute than her more generalized anxiety that has endured since she discovered that her images are being distributed on the Internet.  While defendant is not the sole cause of Vicky's losses, he need not be under *Kennedy*, so long as he remains a proximate cause.  *Id.* at 1262-63.  Because defendant is a proximate cause of additional losses to Vicky, this step has been satisfied.

**IV.  Calculation of Restitution in this Case**

If this court agrees that Vicky has met Section 2259's proximate cause requirement, it must then calculate the amount of the losses that were proximately caused by defendant's conduct with "some reasonable certainty."  *Kennedy*, 643 F.3d at 1263.  The *Kennedy* court did not "rule out the possibility that the government could devise a formula by which a victim's aggregate losses could be reasonably divided . . . ."  *Id.* at 1266.  Kennedy also acknowledged that once proximate cause has been shown, a defendant will be "liable (or jointly and severally liable) for all the losses he proximately caused, even if other defendants had also contributed to those same losses."  *Id.* at 1265.  The Ninth Circuit has previously held that

1 the law regarding the calculation of an order of criminal restitution
2 requires this court to use a reasonable, non-arbitrary method of
3 estimating the amount of the victims' losses, but that "mathematical
4 precision" is not required.  *See United States v. Doe*, 488 F.3d 1154,
5 1160 (9th Cir. 2007); *United States v. Laney*, 189 F.3d 954, 967 n.14
6 (9th Cir. 1999).

     While there are undoubtedly different, defensible ways to conduct this calculation, the government believes that the most reasonable method, given the facts and circumstances of the Vicky series victim, whose images have been widely disseminated and viewed over the Internet, is for the Court to follow a variation of the Ninth Circuit's suggestion in *Kennedy*, and divide the pool of the victim's proven losses by the number of defendants who have been ordered to pay restitution to her.  This number reflects defendants who have been convicted of possessing her images, and have had a court conclude that restitution is appropriate.  As such, it is a number that most accurately reflects similarly situated defendants. As shown in the attached chart compiled given by counsel to Vicky to the government on March 6, 2014 (Exhibit B), the total number of defendants who have been convicted and ordered to pay restitution to the Vicky victim is 513, and the total amount of Vicky's proven losses is currently $1,340.895.29. Thus, the amount of restitution that the Court should order defendant to pay is $2,613.83.